# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0585V

| | |
|---|---|
| JENNY SCHROTH, as Mother and Natural Guardian of D.S., and JEFFREY ROBERT SCHROTH, as Father and Natural Guardian of D.S.,<br><br>                            Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                            Respondent. | Chief Special Master Corcoran<br><br>Filed: December 6, 2024 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Madylan Louise Yarc, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On April 16, 2024, Jenny Schroth, as mother and natural guardian of D.S., and Jeffrey Robert Schroth, as father and natural guardian of D.S., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that D.S. suffered vasovagal syncope following human papilloma virus ("HPV"), tetanus diphtheria acellular pertussis ("Tdap"), and meningococcal conjugate vaccines received on June 29, 2023. Petition at 1. Petitioners further allege that the vaccines were administered in the United States,

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

D.S.'s vaccine-related injuries have lasted more than six months, and Petitioners have neither received compensation in the form of an award or settlement, nor filed a civil action, for D.S.'s vaccine-related injuries. Petition at ¶¶ 4, 49, 50. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 5, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioners are entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioners have satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford petitioners a presumption of causation if the onset of vasovagal syncope occurs within one hour after HPV, meningococcal, and Tdap vaccination and there is no apparent alternative cause. *Id.* at 6. Respondent further agrees that the records demonstrate that D.S. has suffered the residual effects of his condition for more than six months and that Petitioners have satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioners are entitled to compensation.**

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master