# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0585V

|  |  |
|---|---|
| JENNY SCHROTH, as Mother and Natural Guardian of D.S., and JEFFREY ROBERT SCHROTH, as Father and Natural Guardian of D.S.,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners.*

*Madylan Louise Yarc, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 16, 2024, Jenny Schroth, as mother and natural guardian of D.S., and Jeffrey Robert Schroth, as father and natural guardian of D.S., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that D.S. suffered vasovagal syncope following human papilloma virus ("HPV"), tetanus diphtheria acellular pertussis ("Tdap"), and meningococcal conjugate vaccines received on June 29, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).


On December 6, 2024, a ruling on entitlement was issued, finding Petitioners entitled to compensation for vasovagal syncope. On February 5, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded $55,000.00 to purchase an annuity contract. Proffer at 2-3. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners an amount of $55,000.00 to purchase the annuity contract described in section II.A of the Proffer, for pain and suffering.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNY SCHROTH, *as mother and natural guardian of D.S.*, and JEFFREY ROBERT SCHROTH, *as father and natural guardian of D.S.,*<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 24-585V<br>Chief Special Master Corcoran<br>ECF |

### **RESPONDENT'S PROFFER OF DAMAGES**

**I.     Procedural History**

On April 16, 2024, Jenny Schroth, as mother and natural guardian, and Jeffrey Robert Schroth, as father and natural guardian, ("petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 43 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that D.S., their minor son, suffered a syncopal episode upon receiving the human papillomavirus ("HPV"), tetanus diphtheria acellular pertussis ("Tdap"), and meningococcal conjugate ("MCV4") vaccinations on June 29, 2023.  Petition at 1. On December 5, 2024, respondent filed his Rule 4(c) report in which he conceded that petitioners are entitled to compensation in this case.  ECF No. 14.  Accordingly, on December 6, 2024 the Chief Special Master issued a Ruling on Entitlement, finding that petitioners are entitled to vaccine compensation.   ECF No. 16.

## II.     Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:

   A.     Pain and Suffering

For pain and suffering, an amount not to exceed $55,000.00 to purchase an annuity contract,[1] paid to the life insurance company[2] from which the annuity will be purchased,[3] subject to the conditions described below, that will provide payments to D.S. as set forth below:

---

[1] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[3] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

      a.  A certain Lump Sum of $25,602.76 payable on February 28, 2033.

      b.  A certain Lump Sum of $29,612.15 payable on February 28, 2036.

      c.  A certain Lump Sum of $34,462.47 payable on February 28, 2039.

The purchase price of the annuity described in this section II.A. shall neither be greater nor less than $55,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $55,000.00, the certain lump sum payable on February 28, 2039, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $55,000.00. Should D.S. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of D.S.'s death.

These amounts represent all elements of compensation to which D.S. would be entitled under 42 U.S.C. § 300aa-15(a).[4] Petitioners agree.[5]

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

    A.    An amount of $55,000.00 to purchase the annuity contract described above in section II.A.

                                          Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Acting Assistant Attorney General

---

[4] Should D.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[5] At the time payment is received, D.S. will be an adult, and thus guardianship is not required. However, petitioners represent that they presently are, or if necessary, will become, authorized to serve as guardians/conservators of D.S.'s estate as may be required under the laws of the State of Wisconsin.

                    C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*s/Madylan L. Yarc*
MADYLAN L. YARC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 742-6376
Madylan.L.Yarc@usdoj.gov

DATED: February 5, 2025

4